LOUQUE v. SORTINO ET AL.

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(March 3, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)

James J. Landry, of New Orleans, attorney for plaintiff, appellee.

Clarence J. Favret, of New Orleans, attorney for defendants, appellants.

HIGGINS, J. Plaintiff, a duly licensed real estate broker, brings this suit in behalf of the owner of a residence in this city to recover the sum of $335.61, for alleged damages to the premises against the three defendants, as tenants, in solido. The petition alleges that plaintiff, on February 23, 1928, rented a single, frame, seven-room residence to the defendants by verbal lease from month to month for the price and sum of $35 per month; that in the latter part of April, 1928, petitioner discovered that the defendants had erected three large vats and a complete distillery in the premises and had mutilated and destroyed the flooring, walls, and ceiling, in installing this equipment, the weight of which caused the foundation of the building to sink 14 inches on one side and 21 inches on the other; that the owner notified the defendants that they had to vacate as the property was rented for residential purposes and not for the manufacturing of liquor, and that they would have to pay for the damages; that thereupon the defendants promised to pay for the damages, and between April and July, 1928, paid $150 on account thereof; that during August, 1928, the place was raided by federal prohibition agents, and the equipment and material destroyed; that in addition to the actual damages to the premises of $429.28, $52.50 is claimed by plaintiff because she was unable to rent the property to a prospective tenant for $35 per month for six weeks, the time required to make the repairs, as well as $3.83, for the excessive water bill she received on account of the large quantity of water used in the distillery, not contemplated by the lease, and that, after allowing credit of $150, the balance due amounts to $335.61, the amount of this suit.

The defendants filed an exception of no cause of action which was referred to the

merits, and then answered denying that there was any relation of landlord and tenant, and denying that they had operated a still in the premises and that they had caused any damage to it.

There was judgment in favor of the plaintiff as prayed for, and the defendants have appealed.

The record shows that a duly licensed real estate broker, for account of the plaintiff, as owner, rented the premises 2637 Conti street, a single, frame dwelling containing seven rooms, and a bath, to the agent of the defendants on February 23, 1928, for $35 per month. It was understood between the agent of the owner and the agent of the defendants, who gave a fictitious name, that the premises would be used for residential purposes. The three defendants took possession of the building and proceeded to erect and operate a distillery in the premises, mutilating the walls, ceilings, flooring, etc., in installing the three large vats and other equipment.

It appears that the plaintiff discovered the presence of the distillery because the building sunk some 14 inches on one side and some 21 inches on the other due to the great weight of the vats and machinery. She immediately notified the agent of the defendants that he would have to vacate the property and pay for the damages. This resulted in a conference between the defendants and the owner's agent, whereby they agreed to pay for the damages, and thereafter they paid the sum of $150 in installments on account thereof.

In August, 1928, federal prohibition agents raided the place and destroyed the distillery.

We fully agree with our brother below in his finding that the defendants were the real tenants and the parties who rented the property, through their agent. The negotiations were carried on in such a way as to conceal their identity, but, upon the discovery of the still by the owner's agent, the defendants revealed their identity by calling upon the plaintiff and agreeing to pay for the damages, and actually paying $150 on account thereof.

While the defendants in their answer simply deny that the relation of landlord and tenant existed between them, and that they had caused any damage to the premises, in this court they contend that, as the plaintiff knew, after the latter part of April, 1928, that the property was being used for illegal purposes and permitted the defendants to remain in possession and continue the operation of the still without reporting them to the federal prohibition department, she aligned herself in an unlawful enterprise, and therefore cannot recover. It is sufficient to say that we are convinced that the owner's agent had no idea or intimation that the property was being rented for other than residential purposes, and, upon discovery of the still, verbally ordered the defendants to vacate and to pay for the damages. It further appears that the damages to the building had already been done before the plaintiff discovered the presence of the still. All of the substantial damage to the building was caused by the deliberate acts of the defendants in breaking the flooring, tearing out walls, ceilings, etc., in installing the vats and other equipment. Any damages to the premises, caused by the operation of the still and the prohibition agents who raided the place, appear to be inconsequential. Furthermore, the evidence shows that, shortly after notifying the defendants to vacate, the owner's agent became quite ill and had to go to the hospital where

she remained for some period of time. Under these circumstances the fact that the defendants remained in possession of the premises after the owner's agent discovered their illegal business cannot affect plaintiff's right to recover in this suit.

Defendants also complain as to the amount of the damages allowed by the judge a quo. The evidence of the plaintiff in proof of these losses is uncontradicted by the evidence of the defendants, and we therefore find that they were properly allowed.

For the reasons assigned, the judgment appealed from is affirmed.